R. D'ORDINE & SON, INC. *vs.* ZONING BOARD OF REVIEW OF THE TOWN OF EAST PROVIDENCE.

JULY 18, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

490

CONDON, J. This is a petition for certiorari to review the decision of the zoning board of review of the town of East Providence denying petitioner's application for an exception or variance from the zoning ordinance of such town. After service of citation to show cause why the writ should not issue, the board waived issuance thereof and voluntarily made a return of the record of their proceedings in considering such application.

According to the return it appears that petitioner is the owner of lots numbered 723 to 726 inclusive and 732 to 736 inclusive on plat numbered 65 of the board of tax assessors. These lots, some of which front on Willett avenue, are in a residence A district and as far as the return shows are not unsuitable for dwelling houses. However, petitioner desires to utilize the aggregate area of such lots for the erection of a business building containing retail stores and an office fronting on Willett avenue with space reserved for parking 125 automobiles.

To carry out those plans it has appealed to the board to exercise their discretion and grant it an exception or variance under chapter 43, sections 12, 15 B (6), and 15 B (8). In support of its application petitioner sought to show at the hearing before the board that the area adjacent to its lots was essentially a business area; that if it built dwelling houses on the lots they would not be salable at the same general price for which it had sold sixty houses which had

been built on other lots in that neighborhood; and that 60 per cent of the owners of land in the immediate vicinity of such lots favored the proposed business building thereon.

Other owners of residences in the vicinity appeared at the hearing and remonstrated against the granting of the application. They claimed that there was no need for such a building; that it would not be in harmony with the present development of the neighborhood which was predominantly residential; that it would add to the existing heavy traffic conditions on Willett avenue and aggravate a traffic hazard thereon; that the granting of petitioner's application would be the entering wedge for further business permits along that avenue; that it would tend to transform the whole area from a residential to a business district; and that it would thus be detrimental to the value of their residential property.

The board found that the erection of stores with the parking facilities proposed would tend to create a traffic hazard; that there was no public need for a business development at this point in the district; that there was land available nearby at Kent Corners which was zoned for business use and could be utilized for more stores if such were needed to serve this district; that petitioner's lots were situated in an essentially residential district; that to grant its application would result in "spot zoning" which the town council sought to avoid in laying out the specific zones in the zoning ordinance; that the building of a business block and the establishment of a parking area appurtenant thereto on applicant's lots would depress the value of existing residential property in the neighborhood; and that petitioner could utilize its lots for dwelling houses without any hardship.

The petitioner makes a number of contentions but all of them simmer down to this, that the board abused their discretion in denying its application for an exception or variance. From our examination of the return we are unable to agree with such contention. Clearly there is no

evidence in the record that tends to prove petitioner will suffer any hardship if it is obliged to comply with the regulations of the zoning ordinance. Unless it could show such hardship it was not entitled to the granting of its application for a variance. *D'Acchioli* v. *Zoning Board of Review,* 74 R. I. 327; *Harrison* v. *Zoning Board of Review,* 74 R. I. 135.

There is also a lack of evidence that would warrant this court in reversing the board's decision denying petitioner's application for an exception from the ordinance under sec. 15 B (6). The fact that there is a nonconforming use adjacent to some of petitioner's lots is not of itself sufficient to justify the board in granting an exception under that section. The petitioner must also satisfy the board that the public convenience and welfare will be substantially served by its proposed business use of such lots and that the neighboring property will not be substantially injured. *Costantino* v. *Zoning Board of Review,* 74 R. I. 316. In our opinion petitioner did not discharge that burden. On the contrary there was some evidence that the grant of the exception would have an injurious effect upon neighboring residential property and hence the board was warranted in finding that it would devaluate such property. As to sec. 15 B (8) the same reason applies for not disturbing the board's decision.

The petitioner further relies upon sec. 12 of the ordinance to support his application for an exception thereunder, but in our opinion the application does not appear to come within its provisions. Such section is apparently designed to assist owners of *undivided* tracts of land of three acres or more who desire to subdivide tracts into building lots delineated on a street plan. The petitioner's lots are already laid out and so delineated on such a plan and therefore at the time of filing its application it was not the owner of an undivided tract as contemplated by sec. 12. Hence there is no merit in its contention that the board

abused their discretion in denying the application based on that section.

There is also no merit in its contention that the board's denial of the application was in effect confiscation of its property without due process of law in violation of article XIV, section 1, of amendments to the constitution of the United States. On an application for a variance or exception an applicant invokes the board's discretion and the only question before this court on an appeal from the board's decision denying an application is whether or not their decision was an abuse of their discretion. On such an appeal an applicant is precluded from raising any constitutional question here. *Drabble* v. *Zoning Board of Review*, 52 R. I. 228. All of the other contentions advanced in support of the petition have been considered and in our opinion they are clearly lacking in merit.

The petition is denied and dismissed, and the records and papers certified to this court by the board are ordered returned to them with our decision endorsed thereon.

*Ralph S. Daniels, Joseph A. Kelly*, for petitioner.

*Stephen F. Mullen*, Town Solicitor, for respondent board.